UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE B. BOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:17-CV-356-JD-MGG |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

George B. Box, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his murder conviction and 55 year sentence by the Lake Superior Court on April 30, 2007, under cause number 45G02-0408-MR-0007. ECF 1 at 1. Habeas Corpus petitions are subject to a strict one year statute of limitations.[1] There are four possible dates from which the limitation period can begin to run. Nothing in Box' petition indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides that:
  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here. Thus the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of time to pursue direct review.

Here, Box took a direct appeal to the Court of Appeals of Indiana, which affirmed his conviction on May 21, 2008. ECF 1 at 1. He did not petition for transfer to the Indiana Supreme Court and his time to do so expired June 20, 2008. *See* Ind. R. App. P. 57(C). His limitation period to file in federal court began to run on June 21, 2008, but was tolled 89 days later, upon his filing of a post-conviction relief petition in State court on September 19, 2008.[1] ECF 1 at 2. He pursued his post-conviction relief petition all the way to the Indiana Supreme Court, which denied his petition to transfer on May 28, 2010. *Id.* The limitations period to file in federal court began to run again on May 29, 2010 and expired on March 1, 2011. However, Box did not sign his original habeas corpus petition until May 3, 2017. ECF 1 at 14. Thus, it was more than six years late.

In response to question 9 (which asked him to explain why the petition is timely), Box argues that his habeas petition is timely because his "successive post-conviction petition has been denied as of 04/28/2017 and [he] would like to proceed [to] habeas corpus." ECF 1 at 14. However, once the limitations period expired, filing another post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Moreover, an unauthorized successive post-conviction petition would not have tolled the 1-year period of limitations even if it had been filed before the deadline expired. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because

---

1 When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick - with 12 days left on the 1-year meter.")

2

an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending.).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore there is no basis for encouraging petitioner to proceed further. Thus a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the court **DENIES** habeas corpus relief pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely, **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11, and **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED:  July 24, 2017

/s/ JON E. DEGUILIO
Judge
United States District Judge

3